IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDRAS HERNANDEZ BATZ,<br><br>               Petitioner,<br><br>vs.<br><br>PETER BERG, St. Paul Field Office Director, Immigration and Customs Enforcement and Removal Operations (ICE/ERO), et al.,<br><br>               Respondents. | 7:26-CV-5000<br><br>ORDER |

    The petitioner seeks immediate release from U.S. Immigration and Customs Enforcement custody in the Lincoln County Detention Center in North Platte, Nebraska, based on the government's failure to provide him with a bond hearing pursuant to 8 C.F.R. §§ 236.1(d)(1) and 1236.1(d)(1). Filing 1. The government asserts that the Court lacks jurisdiction over his petition because the petitioner failed to name his immediate custodian, the Lincoln County Sheriff, as a respondent. Filing 4 at 15.

    The Supreme Court has explained that "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Here, the petitioner has named a host of federal officials who may be said to exercise the "legal reality of control" over him. *See id.* at 439. And perhaps defensibly so, given the range of claims in the petition that arise out of federal law and the federal process of detention and release in immigration cases—some of the potential relief for his claims could only be provided by those officials. But to the extent that the petitioner challenges his present physical confinement—and that is certainly his core

claim—then his immediate custodian is the proper respondent. And in this case, that's the Lincoln County Sheriff.[1]

The Court questions whether that rule is jurisdictional, as the government claims. *See id.* at 451 (Kennedy, J., concurring). Nonetheless, it is the rule, and the government hasn't waived it. But that doesn't mean the petition can't be fixed.

An application for a writ of habeas corpus may be amended or supplemented as provided in the Federal Rules of Civil Procedure. 28 U.S.C. § 2242. Accordingly, the Court will provide the petitioner with leave to file an amended petition naming Jerome Kramer, the Lincoln County Sheriff, as a respondent. Unless the amended petition presents materially different claims, the Court will consider filings 4, 5, and 6 to compose the government's response. And because the clerk is to serve the petition on the respondent,[2] the Court will direct the clerk to add the Lincoln County Sheriff to the docket as an interested party in order to effect electronic service of the amended petition.

IT IS ORDERED:

1. The Clerk of the Court shall, before docketing this order, add Jerome Kramer, in his official capacity as Lincoln County

---

[1] The Court reserves judgment on who the "immediate physical custodian" might be in facilities that are more officially designated as ICE detention facilities, such as the McCook Detention Center. *See* https://www.ice.gov/detention-facilities.

[2] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

Sheriff, as an interested party, represented by attorney Ryan Kunhart of Dvorak Law Group LLC.

2. The petitioner shall file an amended petition naming Kramer as a respondent on or before the end of the day on February 2, 2026.

3. The amended petition will be considered submitted to the Court for disposition upon filing.

Dated this 2nd day of February, 2026.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge