IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EDRAS HERNANDEZ BATZ,

Petitioner,

vs.

PETER BERG, St. Paul Field Office
Director, Immigration and Customs
Enforcement and Removal Operations
(ICE/ERO), et al.,

Respondents.

7:26-CV-5000

MEMORANDUM AND ORDER
CONDITIONALLY GRANTING
PETITION FOR WRIT OF
HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement (ICE), seeking a writ of habeas corpus under 28 U.S.C. § 2241. He contends his detention is unlawful because he was denied a bond hearing pursuant to 8 C.F.R. §§ 236.1(d)(1) and 1236.1(d)(1). *See* filing 9. The government responds that detention is mandatory, not discretionary, and the petitioner is not eligible to be released. *See* filing 4.

The briefing demonstrates that the petitioners' application for the writ only presents issue of law—and the government concedes this point, *see* filing 4 at 15—so the Court declines to hold a hearing. *See* § 2243. The Court will conditionally grant the petition for the reasons thoroughly articulated by the undersigned in *Velasco Hurtado v. Bondi*, No. 0:26-CV-546, 2026 WL 184884 (D. Minn. Jan. 24, 2026).[1]

---

[1] A petitioner seeking release from immigration detention shall be awarded costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483 (3d Cir. Feb. 2, 2026); *see also, e.g., Yeferson G.C. v.*

IT IS ORDERED:

1.      The Amended Petition for Writ of Habeas Corpus (filing 9) is conditionally granted.

2.      The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before February 9, 2026**.

3.      If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4.      **On or before February 12, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 2nd day of February, 2026.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge

---

*Easterwood*, No. 25-CV-4814, 2026 WL 207266, at *3 (D. Minn. Jan. 21), *report and recommendation adopted*, 2026 WL 209825 (D. Minn. Jan. 27, 2026); *Mairena-Munguia v. Arnott*, No. 25-CV-3318, 2025 WL 3229132, at *5 (W.D. Mo. Nov. 19, 2025); *cf. Bah v. Cangemi*, 548 F.3d 680 (8th Cir. 2008) (evaluating the merits of immigration habeas petitioner's EAJA claim). Any motion for costs and fees pursuant to the EAJA in this case should be filed within 30 days of the entry of judgment. *See* § 2412(d)(1)(B).